Reese, J.
delivered the opinion of the court.
On the 15th November, 1816, the defendant and one John Spain, jointly executed the bond upon which this suit is *427 brought, to Atkinson. The bond on its face recites that the obligors resided in Wilson county, in this State, and the obligee in the State of Virginia, and the bond is made payable on demand. The action was commenced on 8th November, 1833, nearly seventeen years after the execution of. the bond. Six or eight years after the execution of the bond, Spain died insolvent. On the trial of the case, the court stated to the jury, that if sixteen years had been permitted to pass, and the debt lay dormant during that time, this would be such a circumstance as, on the naked fact of time alone, would autho-rise the jury to presume payment. This is the language of this court in tbe case of Squibb vs. Blackburne, determined thirteen or fourteen years since. See Peck’s Rep. 64. Since that time, there has been, it is believed, a general acquiescence in the courts of this State and among the profession, in the correctness of the opinion; although perhaps the point in that case was not raised and judicially determined, this court does not deem it proper to disturb that acquiescence. Time has always been regarded as auxiliary to other facts and circumstances, in questions of payment, possessing more or Jess importance, as the period may have been longer or shorter. As to what amount of time alone, divested of other circumstances, shall be of weight sufficient to authorise a jury to presume payment, unless the presumption be rebutted, is necessarily arbitrary as a rule, and based on grounds of public policy. Sixteen years having, in the case referred to, been adopted, and society having acted on it for many years, it would be improper, we think, to question the correctness of the rule. There are few greater evils to be inflicted upon a community, than a fluctuation, capricious and uncalled for, in judicial opinion and decision. We felt however some difficulty in this case, in perceiving that though claim had laid dormant for sixteen years, yet the bond was not made payable on a day certain, but on demand, in which case, it does not seem proper to presume that the demand was made forthwith, but in some reasonable time afterwards, at all events, that it would be a circumstance calculated to rebut the presumption arising from lapse of time. But the bill of exceptions shows, that the plaintiff himself read to the jury as evidence, an endorsement *428 upon the bond in these words. “To amount of the within bond, due 15th November, 1816. To interest from 15th November, 1816, till,” &c. This endorsement, thus introduced by .the plaintiff as evidence, would authorise the jury, we think, as .against him, to presume that the demand was made on the day of the execution of the bond, and if so, that the claim had Iain dormant for more than sixteen years. Let the judgment be affirmed.
Judgment affirmed.